**Brad T. Summers, OSB No. 911116**
tsummers@balljanik.com
**Justin D. Leonard, OSB No. 033736**
jleonard@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 295-1058

      Attorneys for States Industries, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-65148-fra11 |
| **STATES INDUSTRIES, INC.,** | **APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER** |
| Debtor-in-Possession. | |

      States Industries, Inc., as debtor and debtor-in-possession ("States" or the "Debtor"), files this application to employ Inverness Group LLC ("Inverness") as its financial advisor and appoint Inverness principal John Davidson as its chief restructuring officer (the "Application") pursuant to Section 327(a) of the Bankruptcy Code, and represents as follows:

      1.     On August 24, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

      2.     The Debtor has continued in possession of its properties and is operating and managing its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in this case.

**Page 1 -  APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This matter is core within the

meaning of 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

4.      The Debtor respectfully submits that it is necessary for the Debtor to retain and

employ financial advisors and appoint a chief restructuring officer ("CRO") under § 327(a) of the

Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") to represent the Debtor in connection with the following non-exclusive matters:

a.      Reviewing and analyzing the Debtor's business, operations and financial
projections;

b.      Evaluating the Debtor's potential debt capacity in light of its projected
cash flows;

c.      Assisting in the determination of a capital structure for the Debtor;

d.      Determining a range of values for the Debtor on a going concern basis or
for particular assets;

e.      Advising the Debtor on tactics and strategies for negotiating with the
holders of the existing obligations (the "Stakeholders");

f.      Rendering financial advice to the Debtor and participating in meetings or
negotiations with the Stakeholders or other appropriate parties in
connection with any restructuring, modification or refinancing of the
Debtor's existing obligations;

g.      Advising the Debtor on the timing, nature, and terms of consideration or
other inducements to be offered pursuant to a restructuring of the Debtor's
obligations;

h.      Assisting the Debtor in identifying and evaluating candidates for any
potential sale transaction, advising the Debtor in connection with any such

**Page 2 -   APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF INVERNESS
GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF
JOHN DAVIDSON AS CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

negotiations, and aiding in the consummation of any resulting sale transaction;

i.      Advising and attending meetings of the Debtor's Board of Directors and its committees;

j.      Providing testimony, as necessary, with respect to matters which Inverness has been engaged to advise the Debtor in any proceeding before the bankruptcy court;

k.      Assistance to the Debtor in the preparation of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

l.      Assistance to the Debtor with information and analyses required pursuant to the Debtor's Debtor-In-Possession ("DIP") financing including, but not limited to, preparation for hearings regarding DIP financing;

m.      Assistance with the identification and implementation of short-term cash management procedures;

n.      Assistance with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

o.      Assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

p.      Attendance at meetings and assistance in discussions with potential investors, banks and other secured lenders, any official committee(s)

**Page 3 -   APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

appointed in this Chapter 11 case, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

q.    Analysis of creditor claims by type, entity and individual claim, including assistance with development of databases, as necessary, to track such claims;

r.    Assistance in the preparation of information and analysis necessary for the preparation and confirmation of a plan in this Chapter 11 proceeding;

s.    Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers; and

t.    Rendering such other general business consulting or such other assistance as Debtor's management or counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

5.    The Debtor believes that Inverness and John Davidson are well-qualified to act as its respective financial advisors and CRO.  The Debtor believes that the financial advisors at Inverness who will render financial advisory services to the Debtor have had considerable experience in reorganization matters and are capable of rendering the services required.  Senior managing directors, managing directors, and directors at Inverness are recognized experts in the reorganization field and have represented major debtors, creditors' committees, and other parties in major Chapter 11 cases.   Furthermore, the proposed CRO, John Davidson, has extensive experience and has served in a variety of official roles, including CLO, Examiner, CEO, CFO, Debtors' Chapter 11 financial advisor, and Receiver.

6.    The Debtor believes that the retention of Inverness as financial advisors and Mr. Davidson as CRO will benefit the Debtor's estate.

7.    To the best of the Debtor's knowledge, Inverness (including its principal Mr. Davidson) has no connection with any of the Debtor's creditors or any other party in interest,

**Page 4 -    APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

except as disclosed in the Declaration of John Davidson in Support of Debtor's Application to Employ Inverness Group LLC as Debtor's Financial Advisors and Appointment of John Davidson as Debtor's Chief Restructuring Officer (the "Davidson Declaration") and the accompanying Rule 2014 Statement filed herewith. The Debtor is satisfied that Inverness represents no interest adverse to the Debtor or its estate in the matters upon which it is to be engaged, has no connections with the Debtor, the Debtor's creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and that its employment will be in the best interests of the Debtor and its estate. Inverness, therefore, is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) thereof.

8.      Inverness and Mr. Davidson were engaged to serve as Financial Advisor and CRO to States effective August 9, 2010. A copy of the Engagement Letter is attached to the Davidson Declaration, filed herewith, as Exhibit A. On August 13, 2010, Inverness was paid $25,000 as initial cash on account retainer. On August 20, 2010, Inverness was paid an additional $20,588.19 to be immediately applied toward its accrued professional fees and expenses for pre-petition services under the engagement agreement. On August 24, 2010, Inverness applied $15,483.80 of the Initial Cash on Account to Invoice 002, reflecting all amounts due to Inverness for services performed through August 23, 2010. As of the Petition Date, the balance remaining of the initial cash on account was $9,516.20.

9.      The Debtor requests that Inverness be retained as financial advisors and Mr. Davidson appointed as CRO on a general retainer basis in accordance with §327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

10.      Inverness and Mr. Davidson will request compensation and reimbursement of expenses upon proper application to this Court pursuant to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and Orders of this Court.

**Page 5 -   APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

The Debtor understands that the customary hourly rates of Inverness effective August 1, 2010, subject to change from time to time, are $305 to $395 for the managing partner, $175 to $195 for managers, and $120 to $160 for administrative and paraprofessionals.  The services of Mr. Davidson as CRO are billed at an hourly rate of $325.

11.     Inverness customarily and generally charges clients for the costs of support services the firm provides in connection with a representation, including, without limitation, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial and administrative overtime, and temporary services, travel, computer research, lodging and catering for meetings.  Some of these services are provided by Inverness, in which case the charges are set by Inverness, and others are provided by third party service providers, in which case the charges are set by the providers.

12.     Inverness will bill for its professional services based on actual time incurred. All such charges for which Inverness seeks payment are subject to Court approval and/or pursuant to any administrative procedure established by Order of the Court.  The hourly rates for the principal staff that will be assigned to this project are as follows:

- John L. Davidson, Managing Partner, $325 per hour

The States engagement is being serviced by staff from Portland, Oregon, the closest office for restructuring services.  The rates listed above are the regional rates which are standard for the individuals listed.

13.     Though the terms of the existing engagement letter with Inverness do not incorporate a Contingent Performance Fee, Inverness and John Davidson reserve the right to request negotiation of such a fee.   Such a fee is standard in the industry.  This Court has recognized and allowed such contingent fees, in addition to hourly billings, in other complex cases, such as *In re Columbia Aircraft Manufacturing Corporation*, Case No. 07-33850-elp11, *see* Doc. 330 (order granting application for employment of ING Financial Markets LLC as Financial Advisor), Doc. 496 (letter opinion regarding the Application of Final Compensation of

**Page 6 -   APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

ING Financial Markets LLC), and Doc. 688 (stipulated order granting compensation of $900,000, including success fee); and *In re Stayton SW Assisted Living, L.L.C.*, Lead Case No. 08-36637-tmb11, *see* Doc. 198 (order approving employment of Clyde A. Hamstreet & Associates, LLC as Management and Restructuring Consultant and appointment of Clyde Hamstreet as Debtors' Chief Restructuring Officer, including the right to seek reasonable Transaction Fees according to the terms of the pre-petition engagement agreement).

14.    Inverness agrees to modify and supplement the standard language of its Engagement Letter as to the exculpation, indemnity, and dispute resolution provisions for purposes of this case, as set forth in the proposed Order appended hereto.  Inverness understands that such modifications have been required by counsel for the Office of the U.S. Trustee in similar cases.  The language in the proposed Order corresponds with orders appointing financial advisors and/or CROs in other complex Chapter 11 cases before this Court.  *See, e.g., In re Columbia Aircraft Manufacturing Corporation*, Case No. 07-33850-elp11, *see* Doc. 330 (order granting application for employment of ING Financial Markets LLC as Financial Advisor); *In re Stayton SW Assisted Living, L.L.C.*, Lead Case No. 08-36637-tmb11, *see* Doc. 198 (order approving employment of Clyde A. Hamstreet & Associates, LLC as Management and Restructuring Consultant and appointment of Clyde Hamstreet as Debtors' Chief Restructuring Officer).

15.    The Debtor requests that Inverness' retention and Mr. Davidson's appointment be deemed effective as of the date of the commencement of the Debtor's case, in light of the continuing nature of the services which must be performed in order for Inverness and Mr. Davidson to properly represent the Debtor and in order to avoid any prejudice resulting from any administrative delay in the signing of a retention order.

### NOTICE

16.    Notice of this Motion has been given to:  (a) the Office of the United States Trustee; (b) States' 20 largest unsecured creditors, as identified in its Chapter 11 petition;

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

(c) States' known secured creditors; (d) any known legal counsel for States' secured creditors; and (e) all parties requesting special notice.  In light of the nature of the relief requested herein, States submits that no other or further notice is required.

WHEREFORE, States respectfully requests that the Court enter the proposed order attached hereto as **Appendix A**, granting the relief requested herein and such other and further relief as the Court may deem proper.

DATED August 24, 2010                    BALL JANIK, LLP

By: /s/ Brad T. Summers
    **Brad T. Summers, OSB No. 911116**
    tsummers@balljanik.com
    **Justin D. Leonard, OSB No. 033736**
    jleonard@balljanik.com
    101 SW Main Street, Suite 1100
    Portland, OR  97204

    Attorneys for States Industries, Inc.

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722048\1-I

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-65148-fra11 |
| **STATES INDUSTRIES, INC.,** | **ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER** |
| Debtor-in-Possession. | |

The Court considered the Debtor's Application for Order Authorizing Employment of Inverness Group LLC as Debtor's Financial Advisor and Appointment of John Davidson as Debtor's Chief Restructuring Officer (the "Application"),[1] the accompanying Declaration of John Davidson in support thereof (the "Davidson Declaration"), and the Declaration of John L. Davidson in Support of Debtor's Motions for First Day Relief.   Based upon the foregoing, and it appearing that the Court has jurisdiction to consider the Application and that the matter is a core proceeding; that the relief requested in the Application is necessary and in the best interest of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

**Page 1 - ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722091\1-I-O

Debtor, its creditors, and the Debtor's estate; that the Engagement Agreement and the terms therein were the product of arms-length negotiations between knowledgeable and sophisticated business people; that due and appropriate notice of the Application has been given under the circumstances of this case; that no other or further notice need be given; that John Davidson and Inverness Group LLC do not represent an interest adverse to the estate and are "disinterested" persons as defined in Section 101(14) and 1107(b); that no objection has been raised by any party in interest; and that, after due deliberation, good and sufficient cause exists for such relief,

IT IS HEREBY ORDERED THAT:

1.  The Application is granted.

2.  In accordance with Section 327(a) of the Bankruptcy Code, the Debtor is authorized to retain and employ the firm of Inverness Group LLC *nunc pro tunc* to the Petition Date, as its financial advisors and appoint John Davidson as Debtor's Chief Restructuring Officer to perform all of the services set forth in the Application, on the terms set forth in the Application and in the Engagement Agreement (which is annexed as Exhibit C to the Davidson Declaration, as amended pursuant to the Davidson Declaration), subject to the modifications as set forth in this Order.

3.  Inverness shall continue to check new interested parties for conflicts and shall file a supplement to its Rule 2014 Statement should it discover hereafter any relationships which would cause it to be not "disinterested" as that term is defined in Section 101(14) of the Bankruptcy Code.

4.  Inverness shall be awarded reasonable compensation for professional services rendered and disbursements incurred on behalf of the Debtor in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, including any procedures that may be established under Local Rule 2016-1. Inverness' base compensation shall be based on the ordinary and customary hourly billing rates

**Page 2 -  ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722091\1-I-O

**APPENDIX A
Page 2 of 7**

of the Inverness professionals.  Chief Restructuring Officer John Davidson will bill the Debtor at his customary rate of $325 per hour. The Debtor may be billed for these charges on a weekly basis.  This Order is without prejudice to Inverness's right to seek, and the Court's power to award, a reasonable Contingent Performance Fee as set forth in the Engagement Agreement.  All services provided to Debtor by Inverness since its engagement may be considered in approving compensation requested by Inverness, regardless of whether such services were performed before the Petition Date.

5.      To the fullest extent permitted by applicable state law, Inverness shall not have or incur any liability to, or be subject to any right of action by, the Debtor or any third party for any act or omission in connection with, relating to, or arising out of Inverness's services hereunder, including the exercise of its business judgment, except liability for gross negligence, willful misconduct, or a knowing violation of the law.  In no event, regardless of the legal theory advanced, shall Inverness be liable to the Debtor for any indirect, incidental, or consequential damages.

6.      Except to the extent prohibited by applicable state law or by the Debtor's articles, operating agreements, or partnership agreements, the Debtor shall indemnify, defend, and hold harmless Inverness against any and all claims, costs, demands, damages, assessments, actions, suits or other proceedings, liabilities, judgments, penalties, fines or amounts paid in settlement, expenses, and attorney fees (whether incurred at the trial or appellate level, in an arbitration, in bankruptcy, or otherwise) (collectively "Claims") arising out of, connected with, or related to the services performed under this Order, whether or not such Claims are attributable in whole or in part to negligence by Inverness, other than Claims that are finally determined by judgment or in binding arbitration to have resulted from (a) acts or omissions by Inverness that involve gross negligence, intentional misconduct, or a knowing violation of law, or (b) conduct that Inverness did not in good faith believe was in, or at least not opposed to, the best interests of the Debtor.

**Page 3 -  ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722091\1-I-O

Inverness's claims for indemnification or reimbursement hereunder shall be administrative expenses under Sections 503(b) and 507(a)(2) of the Bankruptcy Code.  During the pendency of this case, (i) Inverness shall apply for and obtain relief from the automatic stay of Section 362 of the Bankruptcy Code prior to commencing any action or proceeding against Debtor in a court other than this Court to enforce any rights of indemnification to which it may be entitled hereunder, except that Inverness shall not be required to obtain such relief in order to enforce its rights of indemnity or exculpation in defense of any claim or cause of action that may be asserted against Inverness by the Debtor or any third party, and (ii) Inverness's claims for indemnification or reimbursement from the Debtor for professional fees, including attorney fees, shall be subject to Court approval following notice and opportunity for a hearing.

7.    The Dispute Resolution provisions contained in Inverness's Engagement Agreement shall be substituted with the Dispute Resolution clauses set forth in **Schedule 1** attached hereto.

# # #

Presented by:

BALL JANIK LLP

By: /s/ Brad T. Summers
    **Brad T. Summers, OSB No. 911116**
    tsummers@balljanik.com
    **Justin D. Leonard, OSB No. 033736**
    jleonard@balljanik.com
    101 SW Main Street, Suite 1100
    Portland, OR  97204

    Attorneys for States Industries, Inc.

cc:    Attached List of Parties

**Page 4 -  ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722091\1-I-O

**APPENDIX A
Page 4 of 7**

## SCHEDULE 1

### SUBSTITUTE DISPUTE RESOLUTION LANGUAGE

Dispute Resolution: Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this engagement, the engagement letter as supplemented herein, or the services provided thereunder (including any such matter involving parent, subsidiary, affiliate, successor in interest or agent of any committee member or of Inverness) shall be brought in the Bankruptcy Court, or the District Court for the District of Oregon if such District Court withdraws the reference.

Inverness and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have or retain jurisdiction over such claims or controversies) for the resolution of such claims, causes of actions or lawsuits. If the Bankruptcy Court, or the District Court if the reference is withdrawn, does not have or retain jurisdiction over the foregoing claims and controversies, (i) the parties to the engagement letter, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made; and (ii) the parties to the engagement letter, and any and all successors and assigns thereof, agree to submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth below. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon the Debtor, Inverness and any an all successors and assigns thereof.

Inverness agrees not to raise or assert any defense based upon jurisdiction, venue, abstention or otherwise object to the jurisdiction and venue of the Bankruptcy Court or the District Court for the District of Oregon (if such District Court withdraws the reference) to hear or determine any controversy or claims with respect to, in connection

**Page 5 -  ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722091\1-I-O

**APPENDIX A
Page 5 of 7**

with, arising out of, or in any way related to this engagement or the services provided hereunder.

Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in this Agreement. If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

Mediation. A dispute shall be submitted to mediation by written notice to the other party or parties. In the mediation process, the parties will try to resolve their differences voluntarily with the aid of an impartial mediator, who will attempt to facilitate negotiations. The mediator will be selected by agreement of the parties. If the parties cannot agree on a mediator, a mediator will be designated by the American Arbitration Association ("AAA") or JAMS/Endispute at the request of a party. Any mediator so designated must be acceptable to all parties.

The mediation will be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute. The mediation will be treated as a settlement discussion and therefore will be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings. Each party will bear its own costs in the mediation. The fees and expenses of the mediator will be shared equally by the parties.

Arbitration. If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the

**Page 6 -  ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722091\1-I-O

**APPENDIX A
Page 6 of 7**

mediation), the mediation shall terminate and the dispute will be settled by arbitration.
The arbitration will be conducted in accordance with the procedures in this document and
the Arbitration Rules for Professional Accounting and Related Services Disputes of the
AAA ("AAA Rules').

**Page 7 - ORDER AUTHORIZING EMPLOYMENT OF INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISOR AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722091\1-I-O

**APPENDIX A
Page 7 of 7**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re                              )
                                   )  Case No. _____
                                   )
                                   )  RULE 2014 VERIFIED STATEMENT
Debtor(s)                          )  FOR PROPOSED PROFESSIONAL
                                      Inverness Group LLC

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

722090v1-I-V

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

722090v1-I-V

21.  List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed.  Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee.  Only name those guarantees now outstanding or outstanding within the last 18 months:

22.  List the names of any affiliates which have a debtor-creditor relationship with the debtor.  Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any.  Only name those loans now outstanding or paid off within the last 18 months:

23.  List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21.  List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22.  Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24.  List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

Inverness Group LLC

_____
Applicant

722090v1-I-V

Brad T. Summers, OSB No. 911116
tsummers@balljanik.com
Justin D. Leonard, OSB No. 033736
jleonard@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR  97204
Telephone:  (503) 228-2525
Facsimile:  (503) 295-1058

      Attorneys for States Industries, Inc.


## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-65148-fra11 |
| **STATES INDUSTRIES, INC.,** | **DECLARATION OF JOHN L. DAVIDSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISORS AND APPOINTMENT OF JOHN DAVIDSON AS DEBTOR'S CHIEF RESTRUCTURING OFFICER** |
| Debtor-in-Possession. | |

I, John L. Davidson, hereby declare under penalty of perjury as follows:

      1.      I am the Managing Partner of Inverness Group LLC ("Inverness"), with offices at

1300 SW Park Avenue, Suite 1705, Portland, Oregon 97201, among other locations.  This

Declaration is submitted in connection with the application (the "Application") of States

Industries, Inc., Debtor and Debtor-in-Possession ("States" or the "Debtor"), to retain Inverness

as financial advisor and myself as chief restructuring officer ("CRO") under a general retainer to

represent the Debtor in connection with its Chapter 11 case.  Unless otherwise stated, I am fully

familiar with all matters set forth in this Declaration.

      2.      The Debtor has requested that Inverness render services in connection with its

Chapter 11 case.  The Debtor has selected Inverness as financial advisors because of the firm's

**Page 1 -**   **DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISORS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

vast experience in reorganization cases, and its ability to perform the services needed effectively, expeditiously, and efficiently for the benefit of the Debtor and its estate.  In regard to my service as Chief Restructuring Officer, I have served in a variety of official roles, including CLO, Examiner, CEO, CFO, and Debtor's financial advisor, in Chapter 11 cases, and in numerous state court receiverships.

3.      Inverness is well-qualified to perform the necessary services, has considerable experience in bankruptcy and related matters, and is prepared to provide full and complete services to and for the benefit of the Debtor in connection with its Chapter 11 case.

4.      As set forth in the Application, Inverness and I will provide services for the following non-exhaustive matters:

    a.      Reviewing and analyzing the Debtor's business, operations and financial projections;

    b.      Direction of the Debtor's senior management and staff in the planning and execution of their duties and in accountabilities of their positions;

    c.      Evaluating the Debtor's potential debt capacity in light of its projected cash flows;

    d.      Assisting in the determination of a capital structure for the Debtor;

    e.      Determining a range of values for the Debtor on a going concern basis or for particular assets;

    f.      Advising the Debtor on tactics and strategies for negotiating with the holders of the existing obligations (the "Stakeholders");

    g.      Rendering financial advice to the Debtor and participating in meetings or negotiations with the Stakeholders or other appropriate parties in connection with any restructuring, modification or refinancing of the Debtor's existing obligations;

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

h.      Advising the Debtor on the timing, nature, and terms of consideration or other inducements to be offered pursuant to a restructuring of the Debtor's obligations;

i.      Assisting the Debtor in identifying and evaluating candidates for any potential sale transaction, advising the Debtor in connection with any such negotiations, and aiding in the consummation of any resulting sale transaction;

j.      Advising and attending meetings of the Debtor's Board of Directors and its committees;

k.      Providing testimony, as necessary, with respect to matters which Inverness has been engaged to advise the Debtor in any proceeding before the bankruptcy court;

l.      Assistance to the Debtor in the preparation of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

m.      Assistance to the Debtor with information and analyses required pursuant to the Debtor's Debtor-In-Possession ("DIP") financing including, but not limited to, preparation for hearings regarding DIP financing;

n.      Assistance with the identification and implementation of short-term cash management procedures;

o.      Assistance with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

p.      Assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections

**Page 3 - DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISORS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

q.      Attendance at meetings and assistance in discussions with potential investors, banks and other secured lenders, any official committee(s) appointed in this Chapter 11 case, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

r.      Analysis of creditor claims by type, entity and individual claim, including assistance with development of databases, as necessary, to track such claims;

s.      Assistance in the preparation of information and analysis necessary for the preparation and confirmation of a plan in this Chapter 11 proceeding;

t.      Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers; and

u.      Rendering such other general business consulting or such other assistance as Debtor's management or counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

5.      Neither I, Inverness, nor any director or employees, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any other party in interest herein, or their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee, except as disclosed herein.

6.      States has conducted an initial computerized databank search of the Debtor's secured creditors, its accounts payable creditors, each of the deferred compensation and subordinated debt creditors, and various other parties in interest in this Chapter 11 case to

**Page 4 -   DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISORS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

determine whether Inverness represents any entity in these cases which has an adverse interest to the Debtor.  We have also included the professional firms, both financial advisors and key legal counsel that we have been made aware of in this case.  Inverness has not been able to complete a search with respect to every creditor or potential creditor of the Debtor, but intends on supplementing the disclosures made herein if needed or as appropriate.  Due to the nature of our business, I reasonably believe that it is highly unlikely that Inverness has ever represented any of the other trade creditors who have claims in this case, but Inverness will continue to monitor this issue and inform the Court if any additional such relationships come to light.  However, after reviewing the initial search results, I believe that Inverness does not hold or represent an interest adverse to the estate, and that Inverness is a "disinterested person," as such term is defined in § 101(14) of the Bankruptcy Code.

7.      Inverness does not and will not represent any of the creditors or parties in interest in this case.

8.      Inverness has provided services in numerous bankruptcy cases and other matters, a number of which may have involved (or may currently involve) one or more of the secured creditors for States.  There are no agreements with any party in this case that would limit or impair our ability to investigate or take any action detrimental to such creditor's interests on behalf of States.

9.      While Inverness has taken all reasonable steps to ascertain whether current or recent clients are creditors of the Debtor, affiliated with creditors of the Debtor, or otherwise parties in interest, it is possible that there are relationships or connections of which Inverness is not aware through reasonable diligence, or because time constraints preclude a search of all of the Debtor's creditors.  Should any such relationship come to light during the pendency of the Debtor's Chapter 11 case, Inverness will promptly make appropriate disclosures of same to this Court.

**Page 5 -    DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S
APPLICATION TO EMPLOY INVERNESS GROUP LLC AS DEBTOR'S
FINANCIAL ADVISORS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

10.     As part of its practice, Inverness appears in cases, proceedings, and transactions involving many different attorneys, accountants, and creditors, some of which may represent or be claimants and parties in interest in the Debtor's Chapter 11 case.  Inverness does not and will not represent any such entity in connection with the Debtor's Chapter 11 case.  Further, also as part of its practice, Inverness has, on occasion, interacted with the Office of the United States Trustee and its authorized representatives.

11.     Inverness was engaged to serve as Financial Advisor to States, including my services as CRO, under an engagement agreement effective August 9, 2010.  A copy of the Inverness Engagement Letter is attached hereto as **Exhibit A** to the Application.  Compensation for Inverness' service to States in this capacity was on an hourly fee basis only, with no contingent or success fees.

12.     In lieu of the dispute resolution language contained in the Inverness Engagement Letter, Inverness agrees to substitute the Dispute Resolution language set forth in Schedule 1 of the proposed Order, attached to the Application as Appendix A.

13.     Within the one year prior to the Petition Date, Inverness was paid $25,000 as an initial cash on account retainer ("Initial Cash on Account").  On August 20, 2010, subsequent to its invoicing to States on the same date, Inverness received $20,588.19, to be immediately applied toward its accrued professional fees and expenses for pre-petition services under the engagement agreement.  On August 24, 2010, Inverness applied $15,483.80 of the Initial Cash on Account to Invoice 002, reflecting all amounts due to Inverness for services performed through August 23, 2010.  As of the Petition Date, the balance remaining of the initial cash on account was $9,516.20.  Other than the Initial Cash on Account, and the payment received for current services on August 20, 2010, Inverness has not received any other monies from the Debtor. Inverness understands that the Debtor will not be able to refresh that retainer post-petition.

Page 6 -   **DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISORS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

14.     Inverness's customary hourly rates effective August 1, 2010, subject to change from time to time, are $305 to $395 for the managing partner, $175 to $195 for managers, and $120 to $160 for administrative and paraprofessionals.  The services of Mr. Davidson as CRO are billed at an hourly rate of $325.  The terms of the existing engagement letter with Inverness do not incorporate a Contingent Performance Fee.  However, Inverness and John Davidson reserve the right to request negotiation of such a fee.

15.     The hourly rates for the principal staff that will be assigned to this project are as follows:

- John L. Davidson, Managing Partner, $325 per hour

The States engagement is being serviced by staff from Portland, Oregon, the closest office for restructuring services.  The rates listed above are the regional rates which are standard for the individuals listed.

16.     Inverness customarily and generally charges clients for the costs of support services the firm provides in connection with a representation, including, without limitation, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial and administrative overtime.

17.     There are occasions when it becomes necessary to engage an independent subcontractor with specialized skill to assist the Inverness professionals.  If that becomes the case in this matter, Inverness agrees to approach the Court to seek consent before incurring that cost.

18.     Inverness has read and agrees to abide by the Local Rules for the Bankruptcy Court for the District of Oregon for the reimbursement of costs and expenses.  Inverness will only bill for actual, necessary, and direct costs.

19.     No promises have been made or received by Inverness nor any partner, counsel, or associate thereof as to payment or compensation in connection with the Debtor's Chapter 11

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

case.  Inverness has no agreement with any entity to share with such entity any compensation received by Inverness.

20.    Inverness requests that its retention be deemed effective as of the date of the commencement of the Debtor's Chapter 11 case, in light of the continuing nature of the services which must be performed in order for Inverness to properly represent the Debtor and in order to avoid any prejudice resulting from any administrative delay in the signing of a retention order.

21.    Based upon information available to me, Inverness holds or represents no interest adverse to the Debtor and its estate as to the matters in which Inverness is to be engaged.  As Inverness has or represents no interest adverse to the Debtor or the Debtor's estate, I believe that Inverness is a "disinterested person" as defined in Section 101(14), and as referenced in Section 327(a), as modified by Section 1107(b) of the Bankruptcy Code.

**I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct and that this Declaration was executed on August 24, 2010 in Portland, Oregon.**

 /s/ John L. Davidson
John L. Davidson

**Page 8 -  DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY INVERNESS GROUP LLC AS DEBTOR'S FINANCIAL ADVISORS**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\722056\1-I-D

INVERNESS GROUP LLC

PORTLAND · SEATTLE · CHICAGO

# MANAGEMENT SERVICES AGREEMENT

1.  Parties:     **STATES INDUSTRIES INC.. ("STATES")**
                 **INVERNESS GROUP LLC ("Inverness")**

2.  **Effective Date:**  August 9, 2010

3.  This Agreement provides for services requested by the Board of Directors of STATES and agreed by Inverness in support of the Company's restructuring program. Under this Agreement, Inverness shall assume the role of Chief Restructuring Officer ("CRO") and the program contemplates conclusion of a restructuring / sale process among prospective buyer candidates within the context of a Chapter 11 bankruptcy process. The scope of the engagement is outlined in the Addendum to this Agreement, which is an integral part thereof.

4.  Inverness shall receive a retainer in the amount of $ 15,000 upon execution of this Agreement. Such retainer shall remain with Inverness during the course of the engagement prior to the initiation of the Chapter 11 bankruptcy case. Upon expiry of this Agreement and/or cancellation of this Agreement by either party, the retainer shall be returned to STATES after applying such retainer against any final amounts due Inverness.

5.  STATES shall retain Inverness at the following rates: Managing Partner, $325.00 per hour; Managers, $175.00-$190.00 per hour; Senior Associates, $120.00-160.00 per hour. Within the scope of the engagement contemplated by this Agreement, John L. Davidson, at the level of Managing Partner, will be the only active Inverness staff involved, and other Inverness staff will be available only upon prior written agreement between the parties.

    In addition to the hourly fees, STATES will reimburse Inverness for all approved out-of-pocket expenses.

    Travel time within Washington, Oregon and Idaho will not be charged.

6.  Inverness will provide periodic statements to STATES, accounting for all time and expenses charged. Payment of fees due will be made upon presentation of the statements. The retainer balance shall be maintained at all times during the engagement.

7.  STATES and Inverness shall not employ personnel of the other party during the period of this Agreement, nor for a period of 12 months following termination of this Agreement without the written agreement of the other party.

STATES NI~Aug9

INVERNESS GROUP LLC
PORTLAND · SEATTLE · CHICAGO

**Agreement** dated August 9, 2010
Between STATES INDUSTRIES INC.
   and INVERNESS GROUP LLC  (Page 2)

8.  STATES shall indemnify Inverness, its members, directors, officers, employees and agents from and against any and all claims, liabilities, loss, costs, damages or expenses (including reasonable attorneys' fees) asserted against, or incurred by Inverness or any such shareholder, director, officer, employee or agent by reason of, or arising out of this agreement or performance of duties under this Agreement. Excluded from this indemnification are those claims, liabilities, loss, costs, damages or expenses resulting from the willful misconduct, dishonesty, fraudulent act or omission, or gross negligence of Inverness or any such shareholder, director, officer, employee or agent.

9.   Confidentiality
     Both parties acknowledge the confidential nature of all non-publicly obtainable information on the administrative, financial, and market operations of STATES. Accordingly, Inverness agrees not to disclose financial, operations, or marketing documents or other information to any third party, without the prior approval of STATES. Excepted are documents or information requested under Court order.

10.  This Agreement may be terminated by either the STATES Board of Directors or Inverness at any time without penalty upon notice to the other party. Termination by STATES shall be consistent with the provisions of applicable third party agreements and/or orders of the bankruptcy Court. Upon termination, payment all outstanding charges due Inverness through the date of termination shall be made by STATES.


**STATES INDUSTRIES INC.**                    **INVERNESS GROUP LLC**

By: _____                   _____
                                              John L. Davidson, Managing Partner


STATES NDA-Aug9

EXHIBIT A
Page 2 of 3

INVERNESS GROUP LLC
PORTLAND · SEATTLE · CHICAGO

## Addendum to Agreement
dated / ugust 9, 2010

Per Paragraph 3:

Under the Agreement, Inverness shall immediately assume all duties and responsibilities as STATES' Chief Restructuring Officer ("CRO"). Upon the filing of a STATES' Chapter 11 bankruptcy petition, the Inverness' role as CRO shall continue under the provisions of the applicable order confirming the appointment.

Inverness duties and responsibilities as CRO shall include but shall not be limited to the following:

i    Reporting to the STATES' Board of Directors, Inverness shall direct STATES' staff to complete the Company's interim operating budget ("Budget") to cover the expected term of the Chapter 11 process and restructuring. The Budget shall be consistent with agreements between STATES and its lenders, and with applicable orders of the court regarding funding and financing procedures

ii   Inverness shall oversee and direct all operations, financial, administrative, sales and marketing, and product development functions of the Company. Specifically, Inverness shall manage STATES' supervisory staff in the performance of duties consistent with the Company's Budget, interim funding agreements with STATES' lenders, and applicable orders of the court.

iii.  Inverness shall direct and oversee all requisite bankruptcy financial and operating reporting, including UST reporting, and shall direct all pleadings and other communications to the court through Debtor's counsel

iv   Inverness shall direct and oversee all official communications among STATES and its stakeholders (creditors, the court, shareholders, prospective buyers, the UST, lenders, and counsel representing related and unrelated third parties) in the case.

v.   Inverness shall have authorities over STATES' staff, specifically, hiring, retention, and termination of staff, at the sole discretion of Inverness, to accomplish the Debtor's objectives within the context of the interim operating and restructuring program. In addition, Inverness shall direct Debtor's counsel, accountants, investment advisors, and all other professional resources retained by STATES to assist in the management of the Debtor's Chapter 11 bankruptcy case, the marketing of STATES' businesses and/or assets, and other aspects of the STATES' restructuring program

vi.   As CRO, Inverness shall be in sole control of the process relating to the sale of STATES and/or its assets, and shall direct the process in a manner consistent with Court-approved procedures. Within this process, Inverness shall provide regular status reporting on the sale program to the STATES Board and to STATES' lenders and the Court, as appropriate.

vii.  Inverness shall direct management of the STATES' businesses and restructuring program, both during pre-bankruptcy planning and post-petition, in a manner consistent with credit and forbearance agreements in place with STATES' lenders. Inverness shall

viii. Inverness shall provide regular reporting to the STATES' Board of Directors regarding operating variances against the Budget, case management summary, status of sale / restructuring efforts within the context of the court-approved sale procedures, and post-petition debt.

ix.   Other tasks as directed by the STATES' Board of Directors and agreed by Inverness

STATES INDUSTRIES INC.                          INVERNESS GROUP LLC

By                                              John L. Davidson, Managing Partner

STATESIN D-Aug9

EXHIBIT A
Page 3 of 3