DISTRICT OF OREGON

**F I L E D**

**September 23, 2010**

**Clerk, U.S. Bankruptcy Court**

Below is an Order of the Court.

_[signature]_

FRANK R. ALLEY
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

In re

**STATES INDUSTRIES, INC.,**

Debtor-in-Possession.

Case No. 10-65148-fra11

**ORDER (A) APPROVING BID PROCEDURES; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS; AND (C) ESTABLISHING OBJECTION DEADLINE**

This matter coming before this Court on the Motion for Order Approving (A) Sale of Assets Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and Assignment of Executory Contracts, and (C)  Bid Procedures (the "Motion") filed by States Industries, Inc. (the "Debtor").  The Court having held a hearing on the Motion on September 15, 2010, and having considered the submissions and arguments of counsel and the files and records herein, and being now fully advised of the premises,

THE COURT FINDS as follows:

1-    ORDER (A) APPROVING BID PROCEDURES; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS; AND (C) ESTABLISHING OBJECTION DEADLINE

::ODMA\PCDOCS\PORTLAND\725252\3

A.      This Court has core jurisdiction over Debtor's chapter 11 case (the "Bankruptcy Case"), this Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The notice provided regarding the Motion and the Bid Procedures Hearing constitutes sufficient and adequate notice.  No other or further notice in connection with the entry of this Order is or shall be required.

C.      The Debtor's proposed notices of the Bid Procedures, the Sale, the Sale Hearing, and the Auction, and the Assumption Procedures proposed therein, in the form of the notices attached hereto as Exhibits B and C, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Sale, the Auction and the Assumption Procedures.

D.      The Bid Procedures were proposed by Debtor in good faith with the goal of maximizing the value of Debtor's business and the Assets (defined below) for the benefit of all creditors of the estate and other parties in interest.  The Debtor has articulated good and sufficient reasons for authorizing and approving the Bid Procedures attached hereto as Exhibit A, which are reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Acquired Assets.

E.      Approval of the Break-Up Fee is necessary and appropriate to compensate the Purchaser (defined below) for (i) making the initial offer that serves as the "floor" for further bidding, and (ii) negotiating and entering into the Purchase Agreement (defined below).

F.      The Bid Procedures (including the Break-Up Fee) are fair and reasonable.  The Bid Procedures represent an exercise of Debtor's sound business judgment and will facilitate an orderly sale process, and are in the best interests of the estate.

G.      On or about September 13, 2010, the Debtor entered into an Asset Purchase Agreement (the "Purchase Agreement") with Renwood States Lending, LLC ("Purchaser") providing for the sale of Debtor's assets as a going concern.  On September 13, 2010, the Debtor

2-    ORDER (A) APPROVING BID PROCEDURES; (B) SCHEDULING AN AUCTION AND
HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS; AND (C) ESTABLISHING
OBJECTION DEADLINE

::ODMA\PCDOCS\PORTLAND\725252\3

filed a Notice of Filing Asset Purchase Agreement with the Purchase Agreement attached with the Court.  The assets to be sold include, without limitation, all of Debtor's inventory, equipment, furniture and fixtures, real property, accounts receivable, causes of action (including an agreement not to pursue certain avoidance actions), prepaid expenses and deposits, intellectual property rights, certain assumed contracts and leases and other assets used or useful in Debtor's business except for the Excluded Assets as defined in the Purchase Agreement (the "Assets").

H.    Entry of this Order is in the best interests of the Debtor, its estate and creditors and other parties in interest.

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1.    The Motion is granted to the extent set forth in this Order.  The Bid Procedures attached as Exhibit A are hereby approved and shall be used in connection with the proposed sale of the Assets.

2.    All responses or objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled.

3.    Any **objections to the proposed sale shall be filed no later than October 13, 2010 at 5:00 p.m. Pacific time**.  Objections must be in writing, be filed with this Court and served so that they are actually received no later than the Objection Deadline on the following parties:  (a) States Industries, Inc., 29545 Enid Road East, PO Box 7037, Eugene, Oregon 97401, Attn: John R. Davidson; (b) Ball Janik LLP, 101 SW Main St, Suite 1100, Portland, Oregon  97204, Attn: Brad T. Summers, Esq., counsel for the Debtor; (c) the Office of the United States Trustee for the District of Oregon; 405 East Eighth Avenue, Suite 1100, Eugene, Oregon 97401, Attn: Ronald C. Becker, Esq.; (d) Perkins Coie LLP, 1120 NW Couch Street, 10th Floor, Portland, OR 97209, Attn: Jeanette L. Thomas, Esq., counsel for Renwood; and (e) Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, Washington 98101, Attn: David B. Levant, Esq. (the "Notice Parties").  Any party filing an objection to the Motion must attend the Sale Hearing and advocate its objection at such hearing.  Any objection not filed,

3-    ORDER (A) APPROVING BID PROCEDURES; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS; AND (C) ESTABLISHING OBJECTION DEADLINE

::ODMA\PCDOCS\PORTLAND\725252\3

served, and/or advocated in accordance with this paragraph may be deemed waived and may be forever barred.

4.      **The Auction for the Assets will be held on October 18, 2010, at 10:00 a.m.**, at the offices of Ball Janik LLP, 101 SW Main St, Suite 1100, Portland, Oregon  97204.

5.      **The Sale Approval Hearing will be conducted on October 20, 2010, at 10:00 a.m., in the United States Bankruptcy Court for the District of Oregon, at 405 E. Eighth Avenue, Courtroom No. 6, Eugene, Oregon**, at which time Debtor will present for approval by this Court the Successful Bid (if there is an Auction) or the Purchase Agreement with the Purchaser (if there is not an Auction), pursuant to the provisions of Sections 105, 363(b), 363(f), 363(m) and 365 of the Bankruptcy Code.  Debtor shall be deemed to have accepted a bid only when the bid for the Assets has been approved by the Court at the Sale Approval Hearing.

6.      The Break-Up Fee is approved.  The Debtor is authorized to pay the Break-Up Fee in accordance with the terms set forth in the Purchase Agreement.  The Break-Up Fee shall be treated as an administrative expense claim in the Bankruptcy Case payable solely from and secured by a first priority lien on sale proceeds and any Sale Deposit under Section 364(d) of the Bankruptcy Code.  As applicable, the Break-Up Fee shall be paid to Purchaser at the Closing of such sale or disposition of the Sale Deposit prior to the payment of the proceeds of such sale to any third party asserting a lien on the Assets, and shall be free and clear of any such lien.

7.      The Assumption Procedures are hereby approved as set forth below.

> **Notice of Cure Procedures.**  The Debtor will file a cure schedule (the "Cure Schedule") and serve such schedule and Assumption and Assignment Notice by first class mail on the parties to those executory contracts and unexpired leases that will be included in any Sale and those other executory contracts and unexpired leases that may be included in the Sale (the "Assumed Agreements") by September 27, 2010.  The Cure Schedule will include the (i) Assumed Agreements; (ii) the name and contact information of the counterparty to each Assumed Agreement; and (iii) the proposed cure amount for each Assumed Agreement.

> **Objections.**  Any objection to the assumption and assignment of the Assumed Agreements identified on the Cure Schedule, including the cure amount set

4 -   ORDER (A) APPROVING BID PROCEDURES; (B) SCHEDULING AN AUCTION AND
HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS; AND (C) ESTABLISHING
OBJECTION DEADLINE

::ODMA\PCDOCS\PORTLAND\725252\3

forth on such schedule and to adequate assurance of future performance must be in writing, filed with the Bankruptcy Court and be actually received by the Objection Deadline by the Notice Parties.

**Resolution of Objections**. If no objection is received to the assumption and assignment of an Assumed Agreement, the counterparty to such Assumed Agreement will be barred from objecting thereto and shall be deemed to consent to the assumption and assignment of such Assumed Agreement. If no objection is received to the proposed cure amount with respect to an Assumed Agreement, then the cure amount set forth in the Cure Schedule shall be binding upon the nondebtor party to such Assumed Agreement for all purposes in this chapter 11 case and will constitute a final determination of the total cure amounts required to be paid in connection with the assumption and assignment thereof.

8.     If a timely objection is received to the assumption and assignment of any unexpired contract and unexpired lease and such objection cannot otherwise be resolved by the parties, the Bankruptcy Court may hear such objection at the Sale Approval Hearing, or any adjourned date thereof. The pendency of a dispute relating to a proposed cure amount will not delay the closing of the sale, including the assumption and assignment of Assumed Agreements necessary to effectuate such closing, provided that, for any dispute relating to a proposed cure amount that is unresolved by the date of the closing of the sale, the Debtor shall escrow the cure amount proposed with respect to such unresolved objection pending such resolution.

9.     The Sale Notice, substantially in the form attached hereto as <u>Exhibit B</u>, is hereby approved. Within three business days of the entry of this Order or as soon thereafter as practicable, the Debtor shall cause the Sale Notice to be served on: (a) the U.S. Trustee, (b) the members of and counsel to the Committee; (c) counsel to the Purchaser; (d) any other party claiming any lien in the Assets, (e) any taxing authority having jurisdiction over the Debtor, including the Internal Revenue Service, (f) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; (g) any party that has expressed a written interest (including by email or fax) in the Assets; and (h) any governmental agency that is an interested party with respect to the sale and the transactions proposed hereunder.

5-    ORDER (A) APPROVING BID PROCEDURES; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS; AND (C) ESTABLISHING OBJECTION DEADLINE

::ODMA\PCDOCS\PORTLAND\725252\3

10.     The Assumption and Assignment Notice substantially in the form attached as Exhibit C is approved.

11.     On or before September 27, 2010, the Debtor shall cause the Assumption and Assignment Notice to be sent to all counterparties to a contract or lease that may be assumed and assigned by the Debtor.

12.     The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such a party to the granting of the Motion and the sale and transfer of the Assets to Purchaser or the Successful Purchaser (including the assumption and assignment of the Assumed Agreements and the fixing of any applicable Cure Costs).

13.     Pursuant to the Guidelines Regarding Motions for Sale of All or Substantially All Assets and Sale Procedures Motions adopted by the Bankruptcy Court on March 8, 2010 (LBF 363), the Debtor is hereby excused from the requirement of using Local Bankruptcy Form 760.5 [Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay and Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing].

14.     Renwood shall provide evidence satisfactory to the Debtor and to the Committee of Renwood's ability to make the estate whole to the extent that Renwood is the Purchaser or the Successful Purchaser and the Court subsequently disallows for any reason the credit bidding of any portion of the Credit Bid Amount of the Purchase Price paid by Renwood for the Assets (as such terms are defined in the Bid Procedures).  To the extent that the Debtor or the Committee is not satisfied with such evidence provided by Renwood, the Court will determine whether Renwood has provided satisfactory evidence prior to the Auction (if there is to be an Auction) or at or before the Sale Approval Hearing (if there is no Auction).

6-    ORDER (A) APPROVING BID PROCEDURES; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS; AND (C) ESTABLISHING OBJECTION DEADLINE

::ODMA\PCDOCS\PORTLAND\725252\3

15.     As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for

14 days after the entry thereof and shall be effective and enforceable immediately on its entry on

the docket.

16.     Unless otherwise specified, all time periods set forth in this Order shall be

calculated in accordance with Bankruptcy Rule 9006(a).

### # #

BALL JANIK LLP


By:  /s/ Brad T. Summers
    **Brad T. Summers, OSB No. 911116**
    tsummers@balljanik.com
    **Justin D. Leonard, OSB No. 033736**
    jleonard@balljanik.com
    101 SW Main Street, Suite 1100
    Portland, OR  97204

    Attorneys for States Industries, Inc.

**Brad T. Summers, OSB No. 911116**
tsummers@balljanik.com
**Justin D. Leonard, OSB No. 033736**
jleonard@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR  97204
Telephone:  (503) 228-2525
Facsimile:  (503) 295-1058

Attorneys for States Industries, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-65148-fra11 |
| **STATES INDUSTRIES, INC.,** | **BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS** |
| Debtor-in-Possession. | |

These Bid Procedures have been approved by order of the United States Bankruptcy Court for the District of Oregon (the "Court") in connection with the above-captioned bankruptcy case of States Industries, Inc. (the "Debtor"), which order was entered on September ___, 2010 [Docket No. ___] (the "Bid Procedures Order").

These Bid Procedures set forth the process by which Debtor is authorized to conduct the sale (the "Sale") by auction of substantially all of its assets (the "Assets"), including, without limitation, that portion of the Assets defined as the "Acquired Assets" in the Asset Purchase Agreement dated as of September 13, 2010 (the "Purchase Agreement"), by and among the Debtor and Renwood States Lending, LLC ("Renwood"), pursuant to the terms and conditions substantially in the form of the Purchase Agreement.  Please take notice that all capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Purchase Agreement.  A Microsoft WORD version of the Purchase Agreement is available at http://www.invernessgroupllc.net/StatesIndustries-Ch11.html.

Copies of the Bid Procedures Order, Purchase Agreement or other bankruptcy pleadings related thereto are available upon written, email or fax request to Justin D. Leonard, Ball Janik LLP, 101 SW Main Street, Suite 1100, Portland, Oregon 97204, Tel: (503) 228-2525, Fax: (503) 295-1058, jleonard@balljanik.com.

PAGE  1  -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**Exhibit A**
**Page 1 of 9**

These Bid Procedures set forth the terms by which prospective bidders may qualify for and participate in the Auction (defined below), thereby competing to make the highest or otherwise best offer for substantially all of the Assets.

Interested parties shall have until the Bid Deadline to conduct due diligence.  Access to the estate's records may be obtained by contacting John Davidson, Chief Restructuring Officer, States Industries, Inc., 29545 Enid Road East, PO Box 7037, Eugene, Oregon 97401, Tel: (541) 688-7871; Fax: (541) 689-7490; jdavidson.states@invernessgroupllc.com. Interested parties will be required to execute a confidentiality agreement in order to obtain confidential information from Debtor.

A.    **Stalking Horse Bidder**

On September 13, 2010, the Debtor and Renwood entered into the Purchase Agreement  for the acquisition of the Assets pursuant to which, among other things, Renwood agreed to pay sixteen million nine hundred twenty thousand three hundred seventy-three dollars ($16,920,373) in the form of a credit bid , which amount is estimated to be the full amount outstanding under the DIP Facility and the Prepetition Debt on the closing date (the "Credit Bid Amount"), plus (a) the Cure Costs, (b) assumption of the Assumed Liabilities, (c) the agreement by Renwood to equally split the estimated net proceeds from the eventual sale of the Foch Street Property with Debtor, and (d) $100,000 cash to the estate, which $100,000 amount is subject to reduction on a dollar-for-dollar basis to the extent that Renwood incurs attorney fees and expenses in excess of $25,000 in participating in any contested matter or adversary proceeding in Debtor's case.  The Debtor has determined that the estimated aggregate amount of the foregoing is up to $18,551,573 (collectively, the "Purchase Price") for the Assets, subject to the outcome of the Auction and the entry of an order of the Court ("Sale Order") approving the sale of the Assets and the transfer of the Assumed Liabilities.  In addition, pursuant to the Purchase Agreement, the Debtor agreed, in the event that the Court approves, and the Debtor consummates, the acquisition of substantially all of the Assets by any Person or combination of Persons other than Renwood (a "Competing Transaction") to pay the bid protections approved by the Bankruptcy Court of $465,000, which is approximately two and one-half percent (2.5%) of the Purchase Price (the "Break-Up Fee").

B.    **Participation Requirements**

To participate in the bidding process and to obtain access to any due diligence materials, a person (other than Renwood) interested in purchasing any of the Assets (a "Potential Bidder") must deliver (unless previously delivered) to both (i) John Davidson, States Industries, Inc., 29545 Enid Road East, PO Box 7037, Eugene, OR  97401, jdavidson.states@invernessgroupllc.com; and (ii) Brad T. Summers, Ball Janik LLP, 101 SW Main Street, Suite 1100, Portland, OR  97204, tsummers@balljanik.com; (the "Preliminary Bid Documents"):

PAGE  2   -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION
            WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

Exhibit A
Page 2 of 9

1.    an executed confidentiality agreement in the form available at http://invernessgroupllc.net/StatesIndustries-Ch11.html (the "Confidentiality Agreement"), or by writing, emailing or faxing Justin D. Leonard at the address, email address or fax number on page 1 of these Bid Procedures, with such changes as may be acceptable to the Debtor in its business judgment;

2.    preliminary written proof by the Potential Bidder of its financial capacity to close the proposed transaction, including, but not limited to, its ability to satisfy the standards to provide adequate assurance of future performance of any contracts and leases to be assumed and assigned under section 365 of the Bankruptcy Code, which may include current unaudited or verified financial statements of, or verified financial commitments (i.e. banking or capital references) obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the property to be sold, the party that will bear liability for a breach), the adequacy of which must be deemed satisfactory to the Debtor in its business judgment.

As soon as practicable, and in any event within 48 hours after a Potential Bidder delivers the Preliminary Bid Documents, the Debtor shall determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents. The Debtor shall work with Potential Bidders during the 48-hour period (as it may be extended by the Debtor) to attempt to correct or cure any deficiencies in any Preliminary Bid Documents. Only those Potential Bidders whose Preliminary Bid Documents have been deemed acceptable at the end of such 48-hour period (as it may be extended by the Debtor) (each, an "Acceptable Bidder") may conduct a due diligence review with respect to the Debtor or submit bids to acquire substantially all of the Assets and assume all of the Assumed Liabilities. Renwood is deemed an Acceptable Bidder.

## C.    Obtaining Due Diligence Access

After receipt of an executed confidentiality agreement and notification of Acceptable Bidder status, the Debtor shall provide each Acceptable Bidder reasonable due diligence information, as requested, including access to an electronic data room, as soon as reasonably practicable after such request. To the extent that any Acceptable Bidder requests information that had not previously been requested by any other Acceptable Bidder, if the Debtor agrees to provide such information the Debtor shall make such information available to all other Acceptable Bidders as soon as practicable. The Debtor shall be entitled to use its business judgment in determining the extent to which a Potential Bidder is entitled to receive confidential competitive information.

PAGE  3   -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

Exhibit A
Page 3 of 9

**D.    Bid Requirements**

Any Acceptable Bidder that is interested in being a participant in the Auction and acquiring all or substantially all of the Assets (each a "Bidder") must submit a "Bid" as provided herein prior to 5:00 p.m. Pacific time on October 13, 2010 (the "Bid Deadline").  Any such Bid must:

(1)    Identify the bidder, i.e. including any party for whom it may be bidding with or on behalf and whether the bidder is a party to any agreement limiting the bidders at the Auction and any relation of such parties to the Debtor.

(2)    Contain (x) a signed definitive asset purchase agreement in substantially the form of the Purchase Agreement (a "Competing Purchase Agreement") and (y) a comparison of such Competing Purchase Agreement to the Purchase Agreement, showing all of the differences between the two.  A Competing Purchase Agreement must:

(i)    Clearly designate the Assets or other assets of Debtor to be acquired;

(ii)    Provide for a purchase price with respect to the Assets in the sum of at least $19,116,573;

(iii)    Provide that the Bidder will forfeit the Sale Deposit (defined below), as liquidated damages if such purchaser defaults under such purchase agreement;

(iv)    The bid shall not be subject to any (a) financing contingency, (b) contingency relating to the completion of unperformed due diligence, (c) contingency relating to the approval of the Bidder's board of directors or other internal approvals or consents, or (d) any conditions precedent to the Bidder's obligation to purchase the Assets other than those included in the Purchase Agreement; and

(v)    No Bid shall provide for the payment to the Bidder of any breakup fee, topping fee, expense reimbursement or other similar arrangement.

(3)    Include a deposit (the "Sale Deposit") in the form of either a wire transfer to an account specified by Debtor or a certified check in the amount of one million dollars ($1,000,000) payable to the order of Debtor.  The Sale Deposit shall be held in escrow in a segregated account of Debtor pending the closing of the asset sale.  The full amount shall be forfeited as liquidated damages if such Bidder is the Successful Purchaser (defined below) and fails to close the transaction because of a breach or failure to perform on the part of the Successful Purchaser.

(4)    To the extent not previously provided to Debtor, be accompanied by evidence satisfactory to Debtor in its business judgment that Bidder:  is willing, authorized,

PAGE   4   -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION
         WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**Exhibit A
Page 4 of 9**

capable and qualified financially, legally and otherwise, of performing all obligations under its proposed asset purchase agreement in the event that it submits the Successful Bid (as hereinafter defined) at the Auction, including its ability to provide adequate assurances under the Bankruptcy Code.

(5)     Be submitted to counsel for the Debtor so as to be received not later than the Bid Deadline.  Counsel shall, as soon as practicable, and simultaneously send a copy of each Bid received, if any, to the following parties:  (i) Renwood, (ii) counsel to Renwood, (iii) counsel to the Official Committee of Unsecured Creditors of Debtor (the "Creditors Committee"), (iv) counsel to any other official committee that may be appointed, and (v) either counsel to each Bidder submitting a bid (or if a Bidder does not have counsel, to the Bidder).

## E.    Credit Bidding

Renwood shall have the right to make a credit bid for all of the collateral securing its claims to the full extent permitted by section 363(k) of the Bankruptcy Code.  Renwood shall be entitled to bid amounts in excess of the Outstanding Debt.  At the Sale Hearing (defined below), to the extent that Renwood is the Successful Purchaser (as defined below), it must produce evidence of its ability to provide adequate assurances under the Bankruptcy Code.

## F.    Evaluation of Qualified Bids

Prior to the Auction, the Debtor shall evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtor's business judgment, the highest or otherwise best bid (the "Starting Bid").  No later than 5:00 p.m. Pacific time on October 15, 2010, the Debtor shall notify Renwood and all parties who have submitted Qualified Bids as to whether there will be an Auction, and if so, which Qualified Bid is the Starting Bid.

## G.     No Qualified Bids

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur and Renwood will be deemed the Successful Purchaser.  Subject to the termination rights under the Purchase Agreement, the Debtor will immediately pursue entry of a Sale Order by the Court approving the Purchase Agreement and authorizing the sale of the Assets and the transfer of the Assumed Liabilities.

PAGE  5   -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION
          WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

Exhibit A
Page 5 of 9

**H.      Auction**

In the event that Debtor determines, in its business judgment, that one or more Bids have been received that meet the requirements set forth above from a Bidder (a "Qualified Bidder"), then Debtor will conduct the Auction on October 18, 2010 at 10:00 a.m. (the "Auction") with respect to the sale of the Assets at the offices of Ball Janik LLP, 101 SW Main Street, Suite 1100, Portland, OR  97204, or at such location as may be designated by Debtor.

The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

(1)    The Qualified Bidders, including Renwood, shall appear in person or through duly-authorized representatives at the Auction.

(2)    Only such authorized representatives of each of the Qualified Bidders, Renwood, the Debtor, the Creditors Committee,  any other official committee that has been appointed, and their respective advisors shall be permitted to attend the Auction.

(3)    Only Qualified Bidders and their duly authorized representative, including Renwood, shall be entitled to bid at the Auction.

(4)    Bidding at the Auction shall begin at the Starting Bid.

(5)    Subsequent bids at the Auction, including any bids by Renwood, shall be made in minimum increments of $100,000.00.

(6)    Renwood, to the extent it participates in the Auction, shall receive a credit equal to the Credit Bid Amount and the Break-Up Fee in each round of bidding when bidding at the Auction.

(7)    Each Qualified Bidder will be informed of the terms of the previous bids. All bidding will be open and transparent to all persons permitted to attend the Auction.

(8)    The bidding will be transcribed by a certified court reporter to ensure an accurate recording of the bidding at the Auction.

(9)    Each Qualified Bidder will be required to confirm on the record of the Auction that it has not colluded with any other person with respect to the bidding or the Sale.

(10)   Absent irregularities in the implementation of these Bid Procedures or in the conduct of the Auction, the Court will not consider bids made after the Auction is closed.

PAGE  6   -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION
          WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**Exhibit A
Page 6 of 9**

(11)    The Auction shall be governed by such other procedures as may be announced by the Debtor, after consultation with its advisors, from time to time on the record at the Auction; provided, that any such other procedures shall not be inconsistent with the Bid Procedures Order or any other order in Debtor's chapter 11 case.

## I.    Acceptance of the Successful Bid

Upon the conclusion of the Auction (if such Auction is conducted), the Debtor, in the exercise of its reasonable, good-faith business judgment, and after consulting with its advisors, shall identify the highest or otherwise best bid (the "Successful Bid").  If the Debtor and the Creditors Committee do not agree on the Successful Bid, the Court shall determine the Successful Bid.  The Qualified Bidder having submitted the Successful Bid will be deemed the "Successful Purchaser."  The Successful Purchaser and the Debtor shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms upon which such Successful Bid was made.

The Debtor will present the results of the Auction to the Court at the Sale Hearing, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (i) the Auction was conducted, and the Successful Purchaser was selected, in accordance with these Bid Procedures, (ii) the Auction was fair in substance and procedure, (iii) the Successful Bid was a Qualified Bid, and (iv) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for substantially all of the Assets and is in the best interests of the Debtor.

If an Auction is held, the Debtor shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction or by the Court and (ii) definitive documentation has been executed in respect thereof.  Such acceptance is conditioned on approval by the Court of the Successful Bid and the entry of an Order approving such Successful Bid.

## J.    Bankruptcy Court Approval of Sale

A hearing to consider approval of the Sale of the Assets and the transfer of the Assumed Liabilities to the Successful Purchaser (or to approve the Purchase Agreement if no Auction is held) (the "Sale Hearing") and seek entry of a Sale Order is presently scheduled to take place on October 20, 2010 at 10:00 a..m. (prevailing Pacific Time), or as soon thereafter as counsel may be heard, before the Honorable Judge Frank R. Alley, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, at: 405 E. Eighth Avenue, Courtroom No. 6, Eugene, Oregon.  Debtor and the Successful Purchaser, once the Successful Purchaser has been determined, shall each use their commercially reasonable efforts, and shall cooperate, assist and consult with each other, to secure the entry of the Sale Order, which is reasonably acceptable to Debtor and the Successful Purchaser, of the Court in the Bankruptcy Case (i) approving the Purchase Agreement, (ii) authorizing the sale of the Assets pursuant to section 363 of the Bankruptcy Code, free and clear of all liens, claims, interests and

PAGE  7   -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION
        WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**Exhibit A
Page 7 of 9**

encumbrances, except as set forth in the Purchase Agreement, and (iii) authorizing the assumption and assignment of the executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.

The Sale Hearing may be continued to a later date by the Debtor by sending notice to the notice parties and all prospective bidders prior to, or making an announcement at, the Sale Hearing.  No further notice of any such continuance will be required to be provided to any party.

## K.    Designation of Back-Up Bidder

Upon the conclusion of the Auction and the selection of the Successful Purchaser, the Debtor shall select the person submitting the next highest or otherwise best Qualified Bid (the "Back-Up Bidder").  The bid of the Back-Up Bidder shall remain open until the first business day following the closing of a sale of the Assets to the Successful Purchaser.  If for any reason the Successful Purchaser is unable or unwilling to consummate an approved sale because of breach or failure to perform on the part of the Successful Purchaser, (a) it will forfeit its Sale Deposit to Debtor as liquidated damages in lieu of any other damages with respect to such breach, and (b) the Back-Up Bidder shall be deemed to be the Successful Purchaser, the purchase price shall be the amount of such Back-Up Bidder's last bid, and Debtor shall be authorized to effectuate the sale to the Back-Up Bidder without further order of the Bankruptcy Court.  If, for any reason, the Back-Up Bidder fails to perform, Renwood agrees that if Debtor tenders full performance of all of its obligations under this Agreement to Renwood on or before November 3, 2010, and the Purchase Agreement is not otherwise materially breached by Debtor, Renwood shall purchase the Purchased Assets under the terms of the Purchase Agreement.

## L.    Break-Up Fee

At the closing of the sale to the Successful Purchaser, if the Successful Purchaser is not Renwood, the Debtor shall pay to Renwood, by wire transfer in immediately available funds to an account designated by Renwood, all amounts due to Renwood, including the Break-Up Fee in accordance with the applicable provisions of the Purchase Agreement.

## M.    Return of Sale Deposit

The Sale Deposit of the Successful Purchaser shall, upon consummation of the purchase of the Assets, be credited to the purchase price paid for the Assets.  If the Successful Purchaser fails to consummate the purchase of the Assets, then the full amount of the Sale Deposit shall be forfeited to, and be retained irrevocably by, the Debtor.

The Sale Deposit of any unsuccessful Qualified Bidders will be returned within two business days after (i) the conclusion of the Auction (if the Bidder does not submit the Successful Bid and is not designated the Back-Up Bidder) or (ii) consummation of the Sale (if the Bidder is designated the Back-Up Bidder).

PAGE  8   -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION
               WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**Exhibit A
Page 8 of 9**

**N.**     **Reservation of Rights to Modify Bid Procedures**

The Debtor reserves the right, following consultation with its advisors to modify these Bid Procedures in any manner that is not inconsistent with the Purchase Agreement or the Bid Procedures Order and that will best promote the goals of the bidding process and impose, at or prior to the Auction, additional customary terms and conditions on the Sale and the transfer of the Assumed Liabilities, including, without limitation, modifying the requirements for a Qualified Bid, extending the deadlines set forth in these Bid Procedures, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice.  Notwithstanding the foregoing, the provisions of this paragraph shall not operate or be construed to permit the Debtor to (A) accept any bid that does not (x) comply with the Sale Deposit terms of these Bid Procedures, or (y) equal or exceed $19,116,573, or (B) impose any terms and conditions upon Renwood that are contrary to or in breach of the terms of the Purchase Agreement or the DIP Credit Agreement other than any such terms or conditions set forth in these Bid Procedures or the Bid Procedures Order.

PAGE  9  -  BID PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF BIDS IN CONNECTION
              WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

**Exhibit A
Page 9 of 9**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

In re

**STATES INDUSTRIES, INC.,**

     Debtor-in-Possession.

Case No. 10-65148-fra11

**NOTICE OF (1) AUCTION AND BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (2) MOTION TO APPROVE SALE TO RENWOOD STATES LENDING, LLC OR HIGHER AND BETTER BIDDER AT AUCTION; AND (3) HEARING RE SALE APPROVAL**

     PLEASE TAKE NOTICE that on September __, 2010, the Bankruptcy Court in the above case entered an order authorizing an auction to sell substantially all of the assets of States Industries, Inc. ("States" or the "Debtor") free and clear of liens, claims and encumbrances.  The auction is scheduled for October 18, 2010 at 10:00 a.m. Pacific time.  The Court also established bidding procedures in connection with the sale and the auction.

     Additional information regarding the auction and bidding procedures is available on the Debtor's website at http://www.invernessgroupllc.net/StatesIndustries-Ch11.html or may be obtained by contacting Justin D. Leonard at Tel. (503) 228-2525, Fax (503) 295-1058 or jleonard@balljanik.com.

     PLEASE TAKE FURTHER NOTICE that competing bidders are required to submit competing bids and otherwise qualify as bidders in accordance with the approved bidding procedures prior to 5:00 p.m. Pacific time on October 13, 2010.

     PLEASE TAKE FURTHER NOTICE that the Debtor has moved for approval of a sale free and clear to Renwood States Lending, LLC ("Renwood") if there are no higher and better offers from qualified bidders at the auction.  Renwood will purchase substantially all of the assets used in the Debtor's business.  The transferred assets include assigned contracts, intellectual property and physical assets.  The transferred assets will also include real property owned by the Debtor located at 29545 East Enid Road, Eugene, Oregon, as well as the Debtor's interest in its wholly-owned subsidiary, SI Properties, Inc., which owns real property located at 95 Foch Street, Eugene, Oregon (the "Foch Street Property").  Renwood will assume accrued compensation and related employee benefit obligations, certain leases for equipment, and other executory contracts (the "Operating Liabilities").

     The proposed purchase price is the sum of (a) a credit bid which is estimated to be

**Page 1 -**   **NOTICE OF (1) AUCTION AND BIDDING PROCEDURES; (2) MOTION TO APPROVE SALE FREE AND CLEAR; AND (3) HEARING RE SALE APPROVAL**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\721772\10-S-N

**Exhibit B
Page 1 of 3**

$16,920,373, representing the full amount outstanding under the senior indebtedness held by Renwood, which indebtedness the Debtor has stipulated is secured by liens against substantially all of the Debtor's assets (the "Senior Debt"), and the full amount that will be outstanding at closing under the debtor in possession financing that Renwood has committed to the Debtor (the "DIP Financing"), plus (b) the assumption of the Operating Liabilities and the payment of the amounts necessary to cure any defaults under leases and contracts to be assumed and assigned to Renwood, (c) the agreement by Renwood to equally split the estimated net proceeds from the eventual sale of the Foch Street Property with the Debtor, and (d) $100,000 cash to the estate, which $100,000 amount is subject to reduction on a dollar-for-dollar basis to the extent that Renwood incurs attorney fees and expenses in excess of $25,000 in participating in any contested matter or adversary proceeding in the Debtor's case.  The Debtor has determined that the purchase price has an aggregate estimated value of $18,551,573.  The sale will be free and clear of all liens, claims and encumbrances of the Senior Debt and the DIP Financing, but it will be subject to certain other liens.

A complete property description may be obtained by contacting John Davidson, States' Chief Restructuring Officer, at States Industries, Inc., 29545 East Enid Road, P.O. Box 7037, Eugene, Oregon 97401, Tel: (541) 688-7871, Fax: (541) 689-7490, jdavidson.states@invernessgroupllc.com.

The estimated value of the Foch Street Property, based on a February 2010 appraisal, is $1.8 million.  However, the appraisal of the Foch Street Property assumed no environmental issues, and it is unknown if any environmental issues exist.  Based on the appraised value of the Foch Street Property, current estimates are that the sale will result in approximately $950,000 in proceeds for unsecured creditors, consisting of the $100,000 in cash at closing (subject to a reduction in that amount as set forth above), plus 50% of the estimated net proceeds from the eventual sale of the Foch Street Property.

According to States' bankruptcy schedules, the total amount of unsecured claims against States, not including any deficiency claim of Renwood, is approximately $12 million.

States believes that the sale is in the best interests of the estate for the following reasons: (a) the sale will preserve States' business enterprise as a going concern; (b) the sale will result in continued employment for most of States' approximately 230 employees; (c) the sale will preserve business relationships and sales for vendors, customers and other parties who are presently doing business with States; (d) the sale will result in the assumption and assignment of certain of States' executory contracts and unexpired leases; and (e) the sale will result in a greater overall distribution to creditors in general than a piecemeal liquidation.

States is proposing the sale in advance of approval of a plan of reorganization because Renwood has indicated that it is unwilling to wait to close the sale until such time as a plan of reorganization has been confirmed.  In addition, States does not presently have access to debtor in possession financing for a sufficient period of time to confirm a plan.  States does not believe that it is feasible for States to wait until a plan has been confirmed before closing the sale of its

**Page 2 -   NOTICE OF (1) AUCTION AND BIDDING PROCEDURES; (2) MOTION TO APPROVE SALE FREE AND CLEAR; AND (3) HEARING RE SALE APPROVAL**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\721772\10-S-N

**Exhibit B
Page 2 of 3**

assets.

**The proposed order approving the sale provides that Renwood shall have no liability or responsibility for any liability or other obligation of States arising under or related to the purchased assets other than as expressly set forth in the Purchase Agreement and that the transfer of the assets from States to Renwood will not subject Renwood or its affiliates, successors or assigns or their respective properties to any liability for claims against States or the assets by reason of such transfer under the laws of the United States or any state, territory or possession thereof applicable to such transactions.**

IF YOU WISH TO OBJECT, you must attend the hearing described below and, on or before October 13, 2010, at 5:00 p.m. Pacific time, you must file a written response stating the specific facts upon which the objection is based, with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, #2600, 405 East Eighth Avenue, Eugene, Oregon 97401, and serve a copy of the objection such that it is actually received by the objection deadline, upon (a) Ball Janik LLP, Attn:  Brad T. Summers, 101 SW Main Street, Suite 1100, Portland, Oregon 97204, (b) Office of the United States Trustee for the District of Oregon, Attn: Ronald C. Becker, 405 East Eighth Avenue, Suite 1100, Eugene, Oregon 97401, (c) Perkins Coie LLP, Attn:  Steven C. Hedberg, 1120 NW Couch Street, 10th Floor, Portland, Oregon 97209, and (d) Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, Washington 98101, Attn: David B. Levant.

PLEASE TAKE FURTHER NOTICE that the hearing on the proposed sale to Renwood or any higher and better bidder will be held on October 20, 2010 at 10:00 a.m. at the United States Bankruptcy Court for the District of Oregon, Courtroom 6, 405 East Eighth Avenue, Eugene, Oregon.

DATED _____, 2010          BALL JANIK LLP

By:   Brad T. Summers, OSB No. 911116
      101 SW Main Street, Suite 1100
      Portland, OR  97204

**Page 3 -    NOTICE OF (1) AUCTION AND BIDDING PROCEDURES; (2) MOTION TO APPROVE SALE FREE AND CLEAR; AND (3) HEARING RE SALE APPROVAL**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\721772\10-S-N

**Exhibit B
Page 3 of 3**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 10-65148-fra11 |
| **STATES INDUSTRIES, INC.,** | **NOTICE OF ORDER ESTABLISHING DEADLINE BY WHICH PARTIES TO ASSUMED CONTRACTS AND LEASES MAY ASSERT CLAIMS FOR PAYMENT OF CURE AMOUNTS AND/OR OBJECTIONS TO PROPOSED ASSUMPTION OR ASSIGNMENT** |
| Debtor-in-Possession. | |

PLEASE TAKE NOTICE that on September __, 2010, the Bankruptcy Court in the above case entered an order setting October 13, 2010 at 5:00 p.m. Pacific time (the "Deadline") as the deadline for any party to a contract or lease (the "Assumed Agreements") that States Industries, Inc. ("States" or "Debtor") proposes to assume and assign to Renwood States Lending, LLC ("Renwood"), to object to the amount that the Debtor asserts must be paid to cure any existing defaults under the Assumed Agreements (the "Cure Amounts").  The Cure Amounts proposed by the Debtor are set forth in the attached **Schedule A**.

Any party to an Assumed Agreement who seeks to assert a claim for a different Cure Amount in connection with the Debtor's proposed assumption and assignment, must, on or before the Deadline, file with the Court and serve upon the parties identified below a pleading indicating any disagreement with the Cure Amount scheduled by the Debtor.

PLEASE TAKE FURTHER NOTICE that any party to an Assumed Agreement who objects to the assumption of its Assumed Agreement or to the assignment of its Assumed Agreement to Renwood, must, on or before the Deadline, file with the Court and serve on the parties identified below a written response stating the specific facts upon which the objection is based.

If you wish to object, you must attend the hearing described below and, on or before the Deadline, you must file your objection with the Clerk of the Court, United States Bankruptcy Court for the District of Oregon, #2600, 405 East Eighth Avenue, Eugene, Oregon 97401, and serve a copy of your objection, <u>such that it is actually received by the Deadline</u>, upon (a) States Industries, Inc. Attn:  John Davidson, 29454 East Enid Road, P.O. Box 7037, Eugene, Oregon 97401, (b) Ball Janik LLP, Attn:  Brad T. Summers, 101 SW Main Street, Suite 1100, Portland, Oregon 97204, (c) Office of the United States Trustee for the District of Oregon, Attn:  Ronald C. Becker, 405 East Eighth Avenue, Suite 1100, Eugene, Oregon 97401, (d) Perkins Coie LLP, Attn:  Steven C. Hedberg, 1120 NW Couch Street, 10th Floor, Portland, Oregon 97209, and (e) Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, Washington 98101, Attn: David B. Levant.

**Page 1 -    NOTICE OF ASSUMPTION PROCEDURES**

::ODMA\PCDOCS\PORTLAND\724650\2-S-N2

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

**Exhibit C
Page 1 of 2**

PLEASE TAKE FURTHER NOTICE that unless a timely objection is filed as to a Cure Amount scheduled by the Debtor, the Cure Amount scheduled by the Debtor shall be binding upon the nondebtor party to such Assumed Agreement for all purposes in this chapter 11 case and will constitute a final determination of the total Cure Amount required to be paid in connection with the assumption and assignment of such Assumed Agreement.  Further, unless a timely objection is filed, no further evidence shall be required to satisfy the requirements for assumption and assignment, including without limitation any further evidence of adequate assurance of performance by Renwood, and the nondebtor party to the Assumed Agreement shall be barred from objecting to the assumption and assignment of such Assumed Agreement and shall be deemed to consent to the assumption and assignment of the Assumed Agreement.

PLEASE TAKE FURTHER NOTICE that the hearing on the Cure Amounts and the Debtor's proposed assumption and assignment of the Assumed Agreements will be held on October 20, 2010 at 10:00 a.m. at the United States Bankruptcy Court for the District of Oregon, Courtroom 6, 405 East Eighth Avenue, Eugene, Oregon.

Additional information regarding the proposed assumption and assignment of the Assumed Agreements and the related sale of the Debtor's assets to Renwood is available on the Debtor's website at http://www.invernessgroupllc.net/StatesIndustries-Ch11.html or may be obtained by contacting Justin D. Leonard at (503) 228-2525.

DATED _____, 2010            BALL JANIK LLP

                                      By:   Brad T. Summers, OSB No. 911116
                                            101 SW Main Street, Suite 1100
                                            Portland, OR  97204

Page 2 -    NOTICE OF ASSUMPTION PROCEDURES

::ODMA\PCDOCS\PORTLAND\724650\2-S-N2

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

Exhibit C
Page 2 of 2