**Brad T. Summers, OSB No. 911116**
bsummers@balljanik.com
**Justin D. Leonard, OSB No. 033736**
jleonard@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 295-1058

    Of Attorneys for States Industries, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**STATES INDUSTRIES, INC.,**<br><br>    Debtor-in-Possession. | Case No. 10-65148-fra11<br><br>**SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S SALE MOTION** |

    I, John Davidson, hereby declare as follows:

    1.    I am the Chief Restructuring Officer of States Industries, Inc. ("States" or "Debtor"). I submit this declaration in support of Debtor's Motion for Order Approving (A) Sale of Assets Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and Assignment of Executory Contracts, and (C) Bid Procedures.

    2.    In addition to the personal knowledge that I have acquired as Chief Restructuring Officer of States, I also have knowledge of, and familiarity with, States' books and records, and financial and operational affairs. I have also worked closely with States' personnel who handle business operations and financial management, as well as with States' outside counsel. Except as otherwise indicated, all statements in this declaration are based upon my personal knowledge, my review of States' books and records, other relevant documents, and other information prepared or collected by States' employees, or my experience with States' operations and financial condition.

Page 1 -   SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF
                DEBTOR'S SALE MOTION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\730316\1

3.      If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge and review of documents.

The Purchase Agreement

4.      Debtor, as seller, and Renwood States Lending, LLC, as purchaser ("Purchaser"), entered into an Asset Purchase Agreement, dated as of September 13, 2010, and a First Amendment to Asset Purchase Agreement, dated as of September 29, 2010.  True and correct copies of the Asset Purchase Agreement and the First Amendment to Asset Purchase Agreement (collectively the "Purchase Agreement") were filed with the Court on September 13, 2010 and September 30, 2010, respectively.  Pursuant to the Purchase Agreement, Purchaser agreed to purchase the Debtor's Assets, as defined in the Purchase Agreement, and assume certain liabilities related to or arising out of the Assets, defined in the Purchase Agreement as the "Assumed Liabilities."

5.      The Assets include certain executory contracts and unexpired leases of Debtor that are listed in Schedule 2.1(b) to the Purchase Agreement (the "Contracts") and set forth in the cure schedule filed with the Court on September 28, 2010 (the "Cure Schedule").  Based on a review of Debtor's books and records, Debtor set forth on the Cure Schedule the amounts believed and determined by Debtor to be necessary to cure defaults under the contracts (the "Cure Amounts").  Some or all of the Contracts are to be assumed and assigned to Purchaser as part of this transaction, as determined by Purchaser prior to the closing.  The Assumed Liabilities include all obligations pursuant to the Contracts, including the Cure Amounts related thereto.

6.      Excluded Assets, as defined in the Purchase Agreement, are not being sold, conveyed, or otherwise transferred to Purchaser.  Causes of action of Debtor's estate under federal and state avoidable transfer law are among the Excluded Assets, as Debtor is retaining all avoidance actions as defined in the Purchase Agreement.  However, Debtor has agreed, as provided in the Settlement Agreement by and among Debtor, Purchaser and the Official

Page 2 -   SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF
            DEBTOR'S SALE MOTION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\730316\1

Committee of Unsecured Creditors (the "Committee") dated as of September 27, 2010 (the "Settlement Agreement"), that Debtor will not pursue any performance claims against any trade creditors, and further that Debtor will not pursue any claims of any nature against Debtor's employees Michael Taylor or William Sanders with respect to any of the leasing companies controlled by them that have leased equipment to Debtor. The Settlement Agreement was approved by the Court by an order entered on October 18, 2010.

7.      In order to maximize the value of Debtor's estate for the benefit of creditors, Debtor required that the sale to Purchaser, as described in the Purchase Agreement, remain subject to higher or otherwise better offers. However, no other offers were received by Debtor prior to the Court-approved bid deadline of October 13, 2010.

<u>Sale Prior to a Plan</u>

8.      There are sufficient and exigent business justifications to authorize the sale of the Assets prior to a confirmation of a chapter 11 plan. Among other things, an expeditious sale of the Assets pursuant to the procedures established in this case has, in my opinion, resulted in the highest and best price for the assets. In addition, absent a prompt sale, the value of the Assets will likely decline because of market conditions and the effect of delays on Debtor's ongoing operations. Furthermore, claims against Debtor's estate will be minimized as a result of prompt consummation of a sale of the Assets and the assumption by Purchaser of the Assumed Liabilities pursuant to the Purchase Agreement and the assumption and assignment of the Contracts to Purchaser effective on closing.

<u>Conduct of Sale/Purchase Price/Compliance with Bidding Procedures/Adequate Assurance</u>

9.      The sale of the Assets was conducted in a fair and reasonable manner. As Chief Restructuring Officer, I personally oversaw the sale process in this case. I delivered information concerning the proposed sale to the financial buyers and strategic buyers previously identified during the attempted recapitalization and sale process conducted by Debtor's former financial advisors, Macadam Capital Partners. I also delivered information concerning the sale, through

**Page 3 -    SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S SALE MOTION**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\730316\1

press releases and public media placements, to other potential purchasers identified by Debtor's current management and by me based on my own extensive experience in the wood products industry.

10. In consultation with Debtor's current management, I developed a qualified target list of more than 30 potential buyers and solicited offers from 27 of them, consisting of 21 strategic buyers and 6 financial buyers. I sent all of these parties access to the sale website developed by me in conjunction with Debtor's management. The sale website information was augmented and updated with information specifically requested by potential buyers, in order to make available the same sale information to all of the parties. The sale website contained all of the information that a potential purchaser would deem necessary to determine if it wished to conduct due diligence toward submitting an offer. I also personally contacted potential purchasers to discuss their interest in a transaction and had several follow-up contacts with them as necessary to attempt to generate or increase their interest in making a bid. Debtor's management was also made available to meet with and respond to questions from potential purchasers. In addition, a link to the sale website was published in the Eugene Register Guard as part of the information I provided to the press in articles relating to the sale proceedings in this Court. A number of additional media services nationally also presented the information from the Register Guard articles and from direct interviews and published individual accounts of the bankruptcy process, Debtor's sale process and deadlines, and periodic updates. These publications included Building-Products.com, the Portland and Seattle Business Journals, Bloomberg Business Week, Dunn & Bradstreet, and others, and links to the articles were also provided on Debtor's sale website.

11. I have extensive experience in selling businesses during my 28-year career as a turnaround professional. During this time, I have developed a sub-specialty relating to the wood products industry in the Pacific Northwest in conducting sales of businesses similar to Debtor's

///

Page 4 -   SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF
           DEBTOR'S SALE MOTION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\730316\1

business. In my opinion, the sale process for Debtor's assets was conducted in a fair and reasonable manner.

        12. As Chief Restructuring Officer, I am very familiar with the terms of the Court's Order (A) Approving Bid Procedures; (B) Scheduling an Auction and Hearing to Consider Sale of Debtor's Assets; and (C) Establishing Objection Deadlines (the "<u>Bid Procedures Order</u>"), which was entered on September 23, 2010. I was closely involved in negotiating with Purchaser the bidding procedures that are the subject of this order. I also familiarized those individuals on Debtor's current management team who assisted me in the sale process with the terms of the Bid Procedures Order. I and the employees of Debtor under my supervision actively marketed the Assets to potential purchasers and otherwise fully complied with the Bid Procedures Order.

        13. In my opinion, the terms of the Purchase Agreement for the Assets are fair and reasonable and the transactions contemplated thereunder reflect Debtor's prudent business judgment under all of the relevant circumstances. Although the sale process did not generate any higher or better offers for the Assets, and as a result no auction was held for the sale of the Assets, the process itself has valued the Assets and in my view provides validation that the value offered by Purchaser is a fair value. In fact, I believe that the purchase price offered by Purchaser was so competitive that it explains why no overbids were submitted. Many potential bidders who I personally communicated with expressed that they were not able to compete with the offer on the table from Purchaser, and so would not be submitting a competing bid. Based upon the foregoing, my personal oversight of the sale process in this case, and my extensive experience in selling businesses of this type, in my opinion the proposed transactions contemplated in the Purchase Agreement are in the best interests of Debtor, its creditors and its estate.

        14. Adequate assurance of future performance by Purchaser exists as to any executory contract or unexpired lease that may be assumed and assigned to Purchaser in connection with the sale. Given the sale process in which Purchaser emerged as the successful bidder, and the

**Page 5 -** **SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S SALE MOTION**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\730316\1

price to be paid for the Assets, I believe that Purchaser will have the financial capacity to satisfy any and all obligations in connection with any contracts or lease to be assumed and assigned.

Arm's Length Transaction/No Agreements Related to Bidding

15. The transfer of the assets to Purchaser pursuant to the Purchase Agreement represents an arm's length transaction between Debtor and Purchaser for a fair and reasonable price. I was personally involved in negotiating the Purchase Agreement on behalf of Debtor. Debtor's counsel and I negotiated that agreement without any outside interference from any other party. The Committee, through its counsel, improved the terms of the Purchase Agreement as a result of the terms negotiated by the Committee in the Settlement Agreement, which were subsequently incorporated into the Purchase Agreement. All negotiations were conducted on an arm's length basis with the sole purpose of achieving a best value transaction for Debtor's estate and creditors. The purchase price represents the highest and best offer for the assets and constitutes fair consideration and reasonably equivalent value.

16. I am familiar with the corporate structure of both Debtor and Purchaser. Debtor and Purchaser are not affiliates of one another.

17. Debtor and Purchaser did not engage in any conduct referred to in section 363(n) of the Bankruptcy Code, and to my knowledge the sale price for the Assets was not controlled by any agreement among any potential bidders. Neither Debtor nor any other person affiliated with Debtor has permitted the sale price for the Assets to be controlled by any agreement among any potential bidders by any of their actions or inactions. To my knowledge, all agreements and understandings with respect to the sale price and any agreements relating to bidding for the Assets have been disclosed to the Court. Based upon my close involvement in the sale process, if there were any such agreements I would expect to know about them.

///

///

///

Page 6 -   SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF
          DEBTOR'S SALE MOTION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\730316\1

Authority and Sale Free and Clear

18.     To the best of my knowledge and after reviewing Debtor's corporate records and other books and records, upon the approval of this Court it appears that Debtor will have full power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby; that the sale of the Assets by Debtor will have been duly and validly authorized by all necessary action of Debtor; that Debtor will have all of the power and authority necessary to consummate the transactions contemplated by the Purchase Agreement; and that no other consents or approvals will be required for assignment of the Contracts or the transfer of the Assets to Purchaser.

19.     To the best of my knowledge and based upon Debtor's books and records after conducting any necessary due diligence including appropriate lien searches, Debtor has good title in and to the Assets subject only to the security interests of entities who were given notice of the sale.  To the best of my knowledge, each entity with a security interest in the Assets to be transferred on the closing of the Purchase Agreement, including the Contracts, has consented to the sale (including the assumption and assignment of the Contracts) or is deemed to have consented to the sale.  Specifically, Purchaser has a lien in substantially all of the Assets and it has consented to the sale.  Pursuant to the terms of the Purchase Agreement, the sale is subject to any other security interests.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct and that this declaration was executed on this 18th of October, 2010 at Portland, Oregon.

    /s/ John Davidson
John Davidson

**Page 7 -   SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S SALE MOTION**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\730316\1

# CERTIFICATE OF SERVICE

I hereby certify that I served copies of the foregoing **SUPPLEMENTAL DECLARATION OF JOHN DAVIDSON IN SUPPORT OF DEBTOR'S SALE MOTION**

on the following parties **by CM/ECF**:

- STEPHEN P ARNOT    steve.arnot@bullivant.com, may.flores@bullivant.com
- JENNIFER A BECKER    jab@brownrask.com, jdm@brownrask.com
- BRADLEY S COPELAND    bcopeland@agsprp.com, soconnor@agsprp.com
- STEVEN M HEDBERG    shedberg@perkinscoie.com, ltwombly@perkinscoie.com; docketpor@perkinscoie.com
- THOMAS K HOOPER    bmail@hooplaw.com, tgranados@hooplaw.com
- GREGG D JOHNSON    gdj@aterwynne.com, oxr@aterwynne.com
- MARC KARDELL    marc.kardell@co.lane.or.us, diana.jones@co.lane.or.us; lisa.lacey@co.lane.or.us
- KEITH D KARNES    kkarnes@olsendaines.com, noticeood@gmail.com; notice@olsendaines.com; noticesod@gmail.com; kkarnesnotices@gmail.com; gandermatt@olsendaines.com; jahlstrom@olsendaines.com; rdorman@olsendaines.com; mreinen@olsendaines.com; dhanna@olsendaines.com; sdelgado@olsendaines.com
- MATHEW W LAURITSEN    mlauritsen@balljanik.com, akimmel@balljanik.com
- JUSTIN D LEONARD    jleonard@bjllp.com, jweisenbach@balljanik.com
- DAVID B LEVANT    dblevant@stoel.com, docketclerk@stoel.com
- DAVID B MILLS    davidbmills@comcast.net, davidbmills@cs.com
- WILSON C MUHLHEIM    ecf@mb-lawoffice.com
- BRANDY A SARGENT    basargent@stoel.com, docketclerk@stoel.com;pdschreiber@stoel.com
- DOUGLAS R SCHULTZ    schultz@gleaveslaw.com, kirsten@gleaveslaw.com
- BRAD T SUMMERS    tsummers@balljanik.com, akimmel@balljanik.com
- JEANETTE L THOMAS    JThomas@perkinscoie.com, etherrien@perkinscoie.com; docketpor@perkinscoie.com
- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov
- Thomas K ^Hooper2    bmail@hooplaw.com, tgranados@hooplaw.com

and on the following parties by **mailing** a full, true and correct copy in a sealed first-class postage prepaid envelope, addressed to the parties listed below, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below:

**Page 1 -    CERTIFICATE OF SERVICE**

::ODMA\PCDOCS\PORTLAND\730316\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

| | |
|---|---|
| Commonwealth Plywood Co Ltd<br>Attn: Johnny D'Orazio<br>15 Labelle<br>PO Box 90<br>St. Therese, Quebec<br>Canada J7E 4H9 | MARK E HINDLEY<br>201 S Main St #1100<br>Salt Lake City, UT 84111 |
| Coyote Logistics LLC<br>Bruce E. Mitchell, Esq.<br>3390 Peachtree Rd NE #520<br>Atlanta, GA 30326 | IRS<br>Attn: S Anderson<br>300 County Club Rd #260<br>Eugene, OR 97401 |
| Dietrich Veneer Sales Inc<br>Attn: Bud Dietrich<br>9825 SE Lawnfield Rd<br>Clackamas, OR 97015 | Manthei Incorporated<br>Attn: Jason Miller<br>3996 US 31<br>Petoskey, MI 49770 |
| Gross Veneer Sales Inc<br>Attn: Robert D. Gross<br>PO Box 5212<br>High Point, NC 27262 | Rosboro LLC<br>Attn: Richard Babcock<br>POB 20<br>Springfield, OR 97477 |

**CREDITORS COMMITTEE:**

| | |
|---|---|
| Manthei Incorporated<br>    **Address Listed Above** | Commonwealth Plywood Co Ltd<br>    **Address Listed Above** |
| Coyote Logistics LLC<br>    **Address Listed Above** | Gross Veneer Sales Inc<br>    **Address Listed Above** |
| Rosboro LLC<br>    **Address Listed Above** | Dietrich Veneer Sales Inc<br>    **Address Listed Above** |
| RPL International, Inc.<br>Attn: Curtis V. Lynn<br>1851 Whitney Mesa Dr<br>Henderson, NV 89014 | |

**ATTORNEYS FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS:**

| | |
|---|---|
| BRANDY A SARGENT<br>    **Via ECF** | DAVID B LEVANT<br>    **Via ECF** |
| MARK E HINDLEY<br>    **Address Listed Above** | |

DATED: October 19, 2010

    /s/ Annette Kimmel  
   Annette Kimmel, Legal Secretary

Page 2 -   CERTIFICATE OF SERVICE

::ODMA\PCDOCS\PORTLAND\730316\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525